IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



PETER LAMONTE, individually and
on behalf of all others
similarly situated,

   Plaintiff,

v.

BEAVEX, INC., MARK TUCHMANN,
and DOES I-X,

   Defendants.

CIVIL ACTION NO.

1:09-CV-3158-JEC

## ORDER & OPINION

This case is presently before the Court on defendants' Motion for Judgment on the Pleadings as to Plaintiff's RICO Claim [75], defendants' Second Motion for Leave to Amend [78], defendants' Motion to Substitute Reply Brief [80], and defendants' Motion for a Hearing and Order Concerning Class Communications Pursuant to Local Rule 23.1 [81]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendants' Motion for Judgment on the Pleadings [75] should be **DENIED**, defendants' Second Motion for Leave to Amend [78] should be **GRANTED**, and defendants' Motion to Substitute Reply Brief [80] should be **GRANTED as unopposed**. Further, the Court **DENIES** defendants' Motion for a Hearing [81], but **GRANTS** defendants' request for an
AO 72A
(Rev.8/82)

order concerning class communications pursuant to Local Rule 23.1.

## BACKGROUND

This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Compl. [1] at ¶¶ 87-94, 116-121.) Plaintiff LaMonte is a driver for defendant BeavEx, Inc. ("BeavEx"), a courier company with operations in multiple states. (*Id.* at ¶¶ 20, 22.) Plaintiff alleges in his complaint that BeavEx conspired with other defendants to misclassify its drivers as independent contractors, rather than employees, in order to avoid federal wage and tax laws. (*Id.* at ¶¶ 3, 8-14.) In addition to his FLSA claim, plaintiff asserts a RICO claim against defendants pursuant to 18 U.S.C. § 1962.[1] (*Id.* at ¶¶ 116-121, 139, 152.)

In their first amended answer to plaintiff's complaint, defendants asserted a counterclaim against plaintiff LaMonte based on an indemnity provision in his contract with BeavEx. (Amended Answer and Counterclaim [55] at ¶ 6.) Defendants have now filed a second motion to amend their answer. (Defs.' Mot. for Leave to Amend [78].) The proposed amendment would clarify that defendants intend to assert the counterclaim against any individual, including any potential collective action or class member, whose contract with BeavEx

---

[1] Plaintiff also asserts state law claims against defendants for rescission, misclassification, quantum meruit and unjust enrichment. (Compl. [1] at ¶¶ 109-115, 122-133.)

2

contains a similar indemnity provision. (*Id.*)

In addition to their motion to amend, defendants have filed a motion for judgment on the pleadings as to plaintiff's RICO claim. (Defs.' Mot. for J. on the Pleadings on Pl.'s RICO Claim ("Defs.' Mot. for J.") [75].) In support of their motion, defendants contend that plaintiff has failed to join a necessary party to the RICO claim under Federal Rule 19(a). (*Id.* at 1.) Consequently, defendants argue that the claim should be dismissed pursuant to Federal Rule 19(b). (*Id.*)

Finally, defendants have filed a motion for a hearing and an order as to the applicability of Local Rule 23.1 to this lawsuit. (Defs.' Statement Regarding Communications with Class Members [81].) Plaintiff filed this action on behalf of himself and similarly situated BeavEx drivers. (Compl. [1].) In connection with his FLSA claim, plaintiff submitted a motion to certify a class action. (Pl.'s Mot. to Certify Class [48].) Local Rule 23.1 requires that parties to a class action "confer jointly to determine whether proper management of the case or the interests of putative class members require the entry of an order limiting" class communications. LR 23.1(C), NDGa. Defendants argue that they cannot properly respond to plaintiff's motion to certify a class until the Court enters a ruling

3

as to class communications under Rule 23.1.[2] (Defs.' Statement [81] at 2.)

## DISCUSSION

### I. Defendants' Motion to Amend

As mentioned above, defendants previously amended their answer to assert a counterclaim against plaintiff LaMonte based on an indemnity clause in his contract with BeavEx. (Counterclaim [55] at ¶ 6.) The clause requires plaintiff to indemnify BeavEx for any damages "which [BeavEx] may incur arising out of, or in connection with, [plaintiff's] obligations under [the contract]." (*Id.*) Assuming that the Court upholds the contract and finds that plaintiff is an independent contractor, defendants argue that the indemnity clause entitles them to reimbursement for the expenses they have incurred in defending plaintiff's claims in this litigation. (*Id.* at ¶ 9.)

Defendants have now filed a second motion to amend their answer, to clarify that the counterclaim applies not just to LaMonte, but to any prospective plaintiff whose employment contract contains a similar indemnity clause. (Defs.' Second Mot. to Amend [78].) Defendants' motion is governed by Federal Rule 15(a), which provides

---

[2] Upon defendants' request, the Court extended the deadline for defendants to respond to plaintiff's motion pending the Court's decision as to Local Rule 23.1. (Order [93].)

4

that leave to amend shall be "freely give[n] . . . when justice so requires." FED. R. CIV. P. 15(a)(2). Pursuant to Rule 15(a), courts generally grant leave to amend unless there is a substantial reason to deny it, such as undue delay, prejudice or futility. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006).

There are no factors that weigh in favor of denial here. Plaintiff suggests that defendants failed to exercise due diligence because they did not ensure that their first amendment was correctly worded. (Pl.'s Resp. to Defs.' Second Mot. to Amend [87] at 1, 5-10.) However, the record supports defendants' argument that the counterclaim always was intended to apply to any plaintiff whose contract contains an indemnity clause. (*Id.* at Exs. A and B.) Defendants filed their second motion to amend as soon as they became aware of plaintiff's position that the counterclaim only applied to plaintiff LaMonte. (*Id.*) Consequently, there was no "undue delay" in seeking the amendment. Moreover, plaintiff fails to articulate any prejudice that might result from allowing the amendment at this point in the litigation.

In addition to his diligence argument, plaintiff contends that the proposed amendment is futile because the counterclaim defendants intend to assert against prospective class members is subject to dismissal. (*Id.* at 11-14.) Plaintiff acknowledges that the Court has discretion to allow defendants to assert a counterclaim against

5

prospective class members. (*Id.* at 13.) See *Allapattah Serv., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1259, n. 14 (11th Cir. 2003)("any counterclaims that may be permitted in a class action are . . . purely discretionary with the court"). Nevertheless, plaintiff urges the Court to exercise its discretion to disallow the counterclaim in this case because of its potential "chilling effect" on class membership. (Pl.'s Resp. [87] at 13-14.)

The Court has already considered and rejected plaintiff's "chilling" argument. (*See* Pl.'s Resp. to Defs.' First Mot. to Amend [42] at 18-20 and Order [54].) Nothing has changed since the Court initially ruled on the issue. Defendant's counterclaim is based on a specific provision in the contracts that are at the heart of this litigation. (Defs.' Second Mot. to Amend [78] at Ex. A.) Plaintiff, on behalf of himself and other similarly situated individuals, challenges the validity of the contracts. (Compl. [1] at ¶¶ 25-38.) Defendants should not be precluded from asserting a counterclaim that arises from the very same contracts simply because its assertion might dissuade some plaintiffs from joining the class.

Finally, plaintiff argues that the Court lacks, or should refuse to exercise, subject matter jurisdiction over defendants' amended counterclaim. (Pl.'s Resp. [87] at 14-20.) Neither argument is persuasive. The parties agree that the Court has original jurisdiction over plaintiff's FLSA claim. (Compl. [1] at ¶ 17.)

AO 72A
(Rev.8/82)

Under 28 U.S.C. § 1367, the Court has supplemental jurisdiction over "all other claims that are so related" to the FLSA claim "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Defendants' proposed counterclaim meets the requirements of § 1367 because it arises out of the same contracts that are being challenged by plaintiff's FLSA claim. *See Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006)(a district court is authorized to exercise supplemental jurisdiction over "all state claims which arise out of a common nucleus of operative fact with a substantial federal claim").

When a district court has supplemental jurisdiction over a claim, it should be exercised unless:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* and 28 U.S.C. § 1367(c). Plaintiff concedes that the first three grounds are inapplicable here. (Pl.'s Resp. [87] at 17-19.) In support of applying the fourth ground, plaintiff reasserts his "chilling" argument. (*Id.*) Again, the Court rejects that argument.

7

Specifically, the Court finds that the potential chilling effect on plaintiff's class litigation is not an "exceptional circumstance" or "compelling reason" that authorizes the Court to decline to exercise jurisdiction over defendants' counterclaim.

For all of the above reasons, the Court finds that defendants' proposed amendment meets the liberal standard of Federal Rule 15(a). *See Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006)(unless there is a substantial reason to support the decision, the district court's discretion is not broad enough to permit denial of a motion to amend). Accordingly, defendants' Second Motion for Leave to Amend its Answer [78] is **GRANTED**.[3] The clerk is directed to file the attached answer as of the date of this order.

## II. Defendants' Motion For Judgment On Plaintiff's RICO Claim

In his RICO allegations, plaintiff references third party Contractor Management Services ("CMS"). (Compl. [1] at ¶¶ 24, 27, 31.) CMS is a company that provides invoicing and payment services to independent contractors in the courier business. (*Id.* at ¶ 29.) Plaintiff was required to sign a contract with CMS in order to obtain employment with BeavEx. (*Id.* at ¶¶ 27, 32.) Pursuant to the

---

[3] The Court finds that there is no legitimate basis for imposing sanctions, and thus **DENIES** defendants' request for sanctions in connection with their motion to amend [78].

contract, plaintiff invoiced BeavEx for the courier services he provided, and BeavEx remitted payment to CMS. (*Id.* at ¶ 73.) CMS then paid plaintiff, after subtracting a fee for its services. (*Id.*)

According to plaintiff, CMS was formed for the express purpose of enabling defendants and other courier companies to engage in their illegal scheme of misclassifying drivers as independent contractors. (Compl. [1] at ¶ 31.) Assuming that allegation is true, defendants argue that CMS is a "key player" in the alleged RICO violation, and a required party to plaintiff's claim. (Defs.' Mot. for J. [75] at 5.) Consistent with that argument, defendants have filed a motion to dismiss plaintiff's RICO claim for failure to join a necessary party pursuant to Federal Rule 19. (*Id.*)

Rule 19 sets forth a two-part test for determining whether an action should be dismissed for failure to join a party. FED. R. CIV. P. 19(a) and (b) and *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279-80 (11th Cir. 2003). First, the Court must ascertain whether the party in question is a required party under Rule 19(a). *Focus on the Family,* 344 F.3d at 1280. That is, the Court must determine whether the party "should be joined if feasible." *Id.* If a party is required to be joined by Rule 19(a) but joinder is not feasible, the Court must then apply the factors enumerated in Rule 19(b) to decide whether "in equity and good conscience" the action should proceed among the existing parties or

be dismissed. *Id.* and FED. R. CIV. P. 19(b).

### A. CMS is not a required party under Rule 19(a).

Rule 19(a) requires the joinder of a party when:

(A) in th[e party's] absence, the court cannot accord complete relief among existing parties; or

(B) th[e party] claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party's] absence may:

(I) as a practical matter impair or impede the [party's] ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a). In applying Rule 19(a), pragmatic concerns control. *Focus on the Family,* 344 F.3d at 1280. Thus, the focus of the inquiry is on the practical effect of nonjoinder on the existing parties and on the litigation. *Id.*

There is no reason why the Court cannot afford complete relief among the existing parties to plaintiff's RICO claim in the absence of CMS. Based on plaintiff's allegations, CMS was formed to enable defendants to perpetrate their scheme of misclassifying courier drivers. (Compl. [1] at ¶ 31.) Although plaintiff refers to CMS in the complaint, he does not identify CMS as an active participant in the scheme. (*Id.*) Rather, CMS is described as an instrument or conduit through which the scheme is accomplished. (*Id.* and Pl.'s Resp. [76] at 7-9.) Plaintiff has named as defendants the unknown

10

operators of CMS, who presumably are the parties responsible for actually perpetrating the alleged RICO violation. (*Id.* at ¶ 24.)

Even if CMS itself is a "key player" in the scheme, its absence does not have any effect on the relief available to the existing parties. At most, CMS is a joint tortfeasor with the named defendants. It is well established that joint tortfeasors are not required parties under Rule 19(a). *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990)("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."). That is because joint tortfeasors are subject to joint and several liability. *Id. See also United States v. Janke*, 2009 WL 2525073 at *2 (S.D. Fla. 2009)(noting that joint tortfeasors are not required parties under Rule 19(a)). As such, plaintiff can obtain complete relief against any one of multiple joint tortfeasors without joining the others. *Id.*

Neither is there any serious risk of prejudice to any party if plaintiff's RICO claim proceeds in the absence of CMS. Defendants point out that they would "presumably have the right to seek indemnification or contribution from CMS" in the event that a judgment is entered against them on plaintiff's claim. (Defs.' Mot. for J. [75] at 20.) However, the possibility of an indemnity or contribution claim does not impair the interests of the existing defendants or of CMS. *See Quail Cruises Ship Mgmt. Ltd. v. Agencia*

11

*De Viagens Cvc Tur Limitada,* 2010 WL 1524313 at *8 (S.D. Fla. 2010)(finding a potential indemnity obligation irrelevant to the Rule 19(a) inquiry). Indeed, the ability to pursue indemnification or contribution would serve as a remedy for any potential inconsistency or unfairness that might result from proceeding in the absence of CMS. *See United States v. Rigel Ships Agencies, Inc.,* 432 F.3d 1282, 1292 (11th Cir. 2005)(noting that a party could protect its interests and avoid multiple liability by pursuing indemnity).

Unable to articulate any real threat of prejudice to themselves, defendants focus on the potential harm to CMS. (Defs.' Mot. for J. [75] at 10-12, 16-19.) According to defendants, a judgment rendered on plaintiff's RICO claim "would undoubtedly bear upon . . . CMS's liability in a subsequent case." (*Id.* at 17.) Yet, as defendants acknowledge, CMS will not be bound by any judgment rendered in this case. (*Id.*) Moreover, if defendants are truly concerned about prejudice to CMS, they can invoke Federal Rule 14 to join CMS as a defendant. *See* FED. R. CIV. P. 14(a)(permitting a defending party to join a third party). Alternatively, CMS can voluntarily join the case under Federal Rule 20. *See* FED. R. CIV. P. 20(a)(2)(allowing the permissive joinder of defendants). Either procedure is readily available and would adequately protect against the concerns raised by defendants in their motion for dismissal.

Moreover, CMS is aware of this litigation but has declined to

intervene. (Pl.'s Resp. [76] at 10-13 and Defs.' Reply [80].) Given that fact, the Court is "'reluctant to find that [CMS is] a required party under Rule 19 based on the possible harm to its interests.'" *Innotex Precision Ltd. v. Horei Image Prod., Inc.*, 679 F. Supp. 2d 1356, 1362 (N.D. Ga. 2009)(Thrash, J.)(quoting the Commentary to Federal Rule 19). As none of the conditions of Rule 19(a) are met, the Court **DENIES** defendants' motion for judgment on the pleadings on plaintiff's RICO claim.

### B. Dismissal is not warranted under Rule 19(b).

Even assuming that CMS is a required party under Rule 19(a), the relevant factors do not favor dismissal under Rule 19(b). Defendants argue that CMS cannot be joined as a party in this case because of binding arbitration and forum selection clauses in plaintiff's contract with CMS. (Defs.' Mot. for J. [75] at 14-15.) When joinder of a required party is not feasible, the Court must consider the following factors to determine whether the action should be dismissed:

(1) the extent to which a judgment rendered in the [party's] absence might prejudice that [party] or existing parties;

(2) the extent to which any prejudice could be lessened or avoided . . . ;

(3) whether a judgment rendered in the [party's] absence would be adequate; and

13

>    (4) whether the plaintiff would have an adequate remedy if
>        the action were dismissed for non-joinder.

FED. R. CIV. P. 19(b).

As discussed above, there is no substantial risk of prejudice either to CMS or to the existing defendants by proceeding with plaintiff's RICO claim in the present procedural posture. Assuming plaintiff obtains a favorable judgment on the claim, the judgment will not preclude CMS from asserting any rights in future litigation with plaintiff or any other party. In addition, there is no reason why the Court cannot grant complete relief, and thus an adequate judgment on the claim, in the absence of CMS.

Most importantly, defendants concede that dismissal would deny plaintiff any forum in which to pursue his RICO claim as a result of competing contractual forum selection clauses. (Defs.' Reply [80] at 13-16.) Particularly in light of that fact, the Court finds that "equity and good conscience" demand that plaintiff's RICO claim proceed in the absence of CMS. For this additional reason, the Court **DENIES** defendants' motion for judgment on the pleadings. If defendants or CMS still believe that joinder of CMS is necessary or desirable, they can file motions for permissive joinder pursuant to Federal Rules 14 or 20.

### III. Defendants' Motion For A Hearing Concerning Local Rule 23.1

Finally, defendants have filed a motion for a hearing and an

14

order limiting class communications pursuant to Local Rule 23.1(C). (Defs.' Statement [81].) The parties have extensively briefed the class communications issue, and submitted numerous exhibits. (*Id.* and Pl.'s Statement [82].) There is ample evidence and argument in the written record to enter a ruling under Local Rule 23.1. Accordingly, the Court **DENIES** defendants' motion for a hearing. Based on the materials in the record, the Court agrees with defendants that a few minor limitations on class communications are warranted, and thus **GRANTS** defendants' request for an order under Local Rule 23.1(C).

Local Rule 23.1(C) provides that:

When class certification is sought in a case, all parties
and/or their counsel are required to confer jointly to
determine whether proper management of the case or the
interests of the putative class members require the entry
of an order limiting either the parties or counsel in
communications with putative class members.

LR 23.1(C)(2), NDGa. The conference required by the Rule must take place "as soon as practicable, but in no event later than twenty-one (21) days after the complaint is served." *Id.* Following the conference, the parties must "submit to the court a joint statement of their collective or individual views as to whether an order should be entered limiting communications." *Id.* Neither party is permitted to initiate communications with putative class members regarding the substance of the lawsuit until counsel presents the required report

15

and any necessary order is entered. *Id.*

Plaintiff correctly notes that Local Rule 23.1 does not apply to collective actions under § 216(b) of the FLSA. (Pl.'s Resp. [82] at 3.) *See Maddox v. Knowledge Learning Corp.*, 499 F. Supp. 2d 1338, 1342 (N.D. Ga. 2007)(Pannell, J.)("it is apparent from the Local Rule's numbering that it is intended as a corollary of Federal Rule 23"). However, in addition to his request for certification of a collective action under the FLSA, plaintiff seeks class action certification of his RICO and state law claims under Federal Rule 23. (Compl. [1] at ¶¶ 95, 113, 123, 133.) Local Rule 23.1 is thus applicable to this action by its plain terms. LR 23.1(C)(2), NDGa.

Neither party has strictly complied with Local Rule 23.1. As noted, the Rule requires that the parties hold a conference within 21 days of filing the complaint, and submit a joint report 14 days later. *Id.* Plaintiff filed the complaint in November, 2009. (Compl. [1].) Defendants did not raise the class communications issue until March, 2010. (Pl.'s Resp. [82] at 9.) In the interim, plaintiff's counsel communicated with several BeavEx drivers, and prospective class members, via interviews and a website posting. (*Id.* at 6-8.)

Although plaintiff's communications with prospective class members violated Local Rule 23.1, the Court is not inclined to impose sanctions or require corrective measures, given defendants' delay in

16

raising the issue. *See Taylor v. CompUSA, Inc.*, 2004 WL 1660939 at *3 (N.D. Ga. 2004)(Hunt, J.)(finding sanctions for pre-certification communications with prospective FLSA opt-ins unwarranted). As described, plaintiff's counsel's website accurately represented the state of the litigation at the time, and plaintiff's interviews with prospective class members were undertaken in a good faith effort to investigate the validity of plaintiff's claims. (*Id.*) Moreover, defendants were not prejudiced by any of plaintiff's communications.

Nevertheless, the Court finds that some limitations on future class communications are necessary to prevent "imminent and irreparable injury" to the existing parties and the prospective class members. LR 23.1(C)(2), NDGa. These limitations are intended to ensure that both parties' representations concerning the litigation are balanced and fair, and that prospective class members are not misled as to the nature of the claims that have been asserted. As such, they are authorized both by Local Rule 23.1(C)(2) and by case law recognizing the Court's "duty and . . . broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties" in such cases. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). *See also Maddox*, 499 F. Supp. 2d at 1344 (prohibiting "statements that are factually inaccurate, unbalanced, or misleading").

First, it is imperative that prospective class members be

AO 72A
(Rev.8/82)

informed that defendants have asserted a counterclaim against any individual who has executed an indemnity agreement with BeavEx. The Court having granted defendants' second motion to amend, any description of the litigation that omits a reference to the counterclaim would be misleading. The Court will therefore require plaintiffs to (1) amend their website to reference and accurately describe the counterclaim and (2) include a fair and accurate description of the counterclaim in any future notices or other communications with prospective class members.

In addition, defendants have indicated that they intend to interview prospective class members as part of their effort to respond to plaintiff's motion under § 216(b). (Defs.' Statement [81] at 2.) Courts have recognized the risk of coercion that is inherent in such communications. *See Abdallah v. Coca-Cola Co.*, 186 F.R.D. 672, 678 (N.D. Ga. 1999)(Story, J.)("the danger of coercion is real and justifies the imposition of limitations" on communications with potential class member employees). The risk is heightened here, where defendants have asserted a counterclaim that is likely applicable to most of the individuals they will interview. To address the risk, the Court will require defendants to disclose in communications with prospective class members that (1) defendants' interests may be adverse to the interests of prospective class members and (2) it is unlawful for defendants to retaliate against

18

AO 72A
(Rev.8/82)

prospective class members for pursuing their claims under the FLSA.

Taking the above principles into account, the Court enters the following **ORDER** concerning class communications:

1. If the parties or their counsel communicate with putative class members with whom they do not have an attorney-client relationship regarding this case, such communications shall include a disclosure of the following information: (a) if a party initiates the communication, a statement that the individual is being contacted in connection with the above-referenced lawsuit; (b) a statement of who is contacting the individual or with whom the individual is communicating and their relationship to the lawsuit (i.e. "counsel for plaintiff" or "counsel for defendants"); (c) if a party initiates the communication, a statement as to why the individual is being contacted (i.e. "to gauge interest in joining the lawsuit" or "to provide a factual interview regarding the claims and defenses in the lawsuit"); (d) a statement of the claims asserted by plaintiff; (e) a statement of the counterclaim asserted by BeavEx against plaintiff and other prospective class members who have executed an indemnity agreement; (f) a statement of the counterclaim for retaliation asserted by plaintiff against BeavEx; (g) a statement that the individual is free to speak with their own independent legal counsel before continuing the conversation; and (h) a statement that the individual is free to continue or end the conversation.

2. If defendants initiate a communication about the lawsuit with a prospective class member, the communication should also include a disclosure that: (a) defendants' interests may be adverse to the interests of the prospective class member; and (b) it is unlawful for defendants to retaliate against a prospective class member for joining the lawsuit or pursuing any claims that have been asserted in the lawsuit.

3. Plaintiff's counsel shall amend the description of the lawsuit on his firm's website to include a disclosure of the nature of the counterclaim asserted by BeavEx. The website should disclose that the counterclaim potentially applies to any individual who has executed an indemnity agreement with BeavEx.

19

## IV. Plaintiff's Motion To Facilitate Notice Under § 216(b)

Plaintiff's motion for court-facilitated notice under the FLSA remains pending. (Pl.'s Mot. for Notice [48].) The Court granted defendants' previous motion to extend the deadline to respond to the motion until after the Court ruled on the class communications issue under Local Rule 23.1. (Order [93].) As the Court has now entered an order under Local Rule 23.1, defendants are directed to respond to plaintiff's motion [48] by **Friday, March 4, 2011**. Plaintiff should submit a reply brief by **Friday, March 11, 2011**.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** defendants' Motion for Judgment on the Pleadings [75], **GRANTS** defendants' Motion for Leave to Amend [78], **GRANTS** defendants' Motion to Substitute Reply Brief [80], **DENIES** defendants' Motion for a Hearing [81], and **GRANTS** defendants' request for an order pursuant to Local Rule 23.1. Defendants should respond to plaintiff's Motion to Facilitate Notice [48] by **Friday, March 4, 2011**. Plaintiff's reply is due on **Friday, March 11, 2011**.

SO ORDERED, this 18 day of February, 2011.

JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A (Rev.8/82)